IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
AUG 3 0 2022
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

TSK/MJA

Steven Robert Brown

211 Grant Ave, Rm 203-A

Morgantown, WV 26505-4933
(Full name and address of the plaintiff)
**Plaintiff(s)**

vs.

**Civil No.:** 1:22cv80
(Leave blank. To be filled in by Court.)

Bureau of Alcohol, Tobacco, Firearms, and

Explosives

Patrick Morrisey, West Virginia Attorney General

Merrick Brian Garland, U.S. Attorney General

Steven Michael Dettelbach, Director of the ATF
(Full name and address of the defendant(s))
**Defendant(s)**

******

## COMPLAINT

1. Jurisdiction in this case is based on:

   ☐ Diversity (none of the defendants are residents of the state where plaintiff is a resident)

   ☑ Federal question (suit is based upon a federal statute or provision of the United States Constitution)

   ☐ Other (explain) _____

   _____

   _____

Complaint (Rev. 12/2000)                                   1

## Bureau of Alcohol, Tobacco, Firearms, and Explosives

99 New York Avenue NE

Washington, DC 20226

## Steven Michael Dettelbach, Director of the ATF, in official capacity

99 New York Avenue NE

Washington, DC 20226

## Patrick Morrisey, West Virginia Attorney General in official capacity

State Capitol Complex, Bldg 1, Rm E-26

1900 Kanawha Blvd E

Charleston, WV 25305

## Merrick Brian Garland, United States Attorney General in official capacity

950 Pennsylvania Avenue NW

Washington, DC 20530

2. The facts of this case are:

West Virginia Code §61-7-3 and associated gun law in the state of West Virginia requires that individuals below the age of 21 obtain a concealed handgun license before carrying a concealed firearm. Plaintiff was required to complete pistol training and pay a fee for the issuance of a provisional concealed handgun license, with total costs totalling more than one-hundred fifty dollars. By contrast, individuals age 21 or older are not required to obtain a concealed handgun license in order to carry a concealed weapon. New York State Rifle & Pistol Association, Inc. v. Bruen (2022) establishes that the right to carry a concealed handgun is protected by the 2nd and 14th Amendments to the U.S. Constitution. Plaintiff argues that West Virginia's requirements are discriminatory on the basis of age alone, and violate both the 2nd Amendment right to bear arms and the Equal Protection Clause of the 14th Amendment. Adults below the age of 21 are required to pay a fee in order to exercise a fundamental constitutional right, a fee that adults ages 21 and older are not subject to. Adults between the ages of 18 and 20 are also subject to criminal penalties for possessing a concealed deadly weapon without a license that adults ages 21 and older are not subjected to.

Patrick Morrisey is the Attorney General of the State of West Virginia. The damages are requested to cover the cost of filing a lawsuit, the concealed handgun license application fee, and the cost of National Rifle Association pistol training.

The Gun Control Act of 1968 restricts the sale of all firearms other than rifles and shotguns to individuals ages 21 and older at Federal Firearms Licensees. Plaintiff would like to purchase a Bersa Thunder 380 handgun for purposes of self-defense, but was denied a sale at an FFL on basis of age alone, despite possessing a valid concealed handgun license issued by the state of West Virginia. Plaintiff alleges that provisions of the Gun Control Act of 1968 restricting certain gun sales to age 21 violate the 2nd Amendment, as well as due process and equal protection as the rights of adults under the age of 21 are restricted without adequate justification or due process of law. Plaintiff, who is aged 18, can also not have their handgun (which was legally purchased intrastate) repaired at a FFL, as FFLs are prohibited from transferring firearms other than rifles and shotguns to individuals under the age of 21.

Portions of 21 U.S. Code § 387f and 42 U.S. Code § 300x–26 establish a federal minimum age of 21 for the sale of tobacco products and penalties to mental health funding grants for states which do not enforce the sale age. Plaintiff alleges that these provisions violate the 10th Amendment, and that Congress does not have the Commerce Clause authority to set a minimum tobacco age. Congress's direct use of the Spending Clause to pressure states to enforce federal regulations/laws is commandeering and violates the 10th Amendment. Unlike the National Minimum Drinking Age Act, these provisions do not pressure states to adopt a minimum smoking age of 21, but rather pressure them to directly enforce federal law. West Virginia state law still provides for a smoking age of 18. Plaintiff is prohibited from purchasing tobacco products as a direct result of this federal law, and believes that they have standing to sue under Bond v. United States (2011), in that Congress' disregard for the structure of American government restricts the liberty of the plaintiff.

3. The relief I want the court to order is:

[✓] Damages in the amount of: Five-hundred seventy-one dollars and zero cents

[✓] An injunction ordering: that handgun purchases and constitutional carry be permitted at age 18; unconstitutional provisions of 21 U.S.C. § 387f and 42 U.S.C. § 300x–26 struck down

[ ] Other (explain) _____

30 Aug 2022
(Date)

_____
(Signature)

Steven Robert Brown

211 Grant Ave, Rm 203-A

Morgantown, WV 26505-4933

(304) 991-9499
(Printed name, address and phone number of Plaintiff)

## Privacy Rules and Judicial Conference Privacy Policy

Under the E-Government Act and Judicial Conference policy, any paper filed with the court should not contain an individual's social security number, full birth date, or home address; the full name of person known to be a minor; or a complete financial account number. These rules address the privacy concerns resulting from public access to electronic case files.