# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALEB REESE *et al.*, | ) |
| | ) Civil Action No. 6:20-cv-01438 |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**DECLARATION OF APRIL V. HARRIS**

I, April V. Harris, hereby declare:

1. I am over 21 years of age and otherwise competent to testify as to the matters herein, based on my personal knowledge.

2. I am currently the Chief of Staff for the Office of Chief Counsel, Bureau of Alcohol, Tobacco, Firearms and Explosives in Washington, D.C. I have served in this position since 2012. As Chief of Staff, I am responsible for maintaining the records of the office and I make the following statement based on my personal knowledge or on the basis of information made available to me.

3. Attached hereto is a true and correct copy of Chief Counsel Opinion 23362 (1983).

1

I declare under penalty of perjury that the foregoing is true and correct.

**APRIL HARRIS** Digitally signed by APRIL HARRIS
Date: 2021.04.14 15:22:25 -04'00'
_____
April V. Harris
Chief of Staff
Office of Chief Counsel
Bureau of Alcohol, Tobacco, Firearms and Explosives

Executed this 13 day of April 2021.

2

```
Subject:  0001177
 Ruling:  23362.0
   Date:  19831205
   Auth:  KAS
```

KeyWords:
"Purchasing, possession of firearms by minors"

Law-Regs:
Possession, Sales, juveniles, minors

Related Opinions:
18 USC 922(b)(1), 927

Summary:
Re your letter inquiring about Federal statutes restricting minors from purchasing and possessing firearms.          Firearms licensees are prohibited from selling or delivering handguns to persons under the age of 21. A minor or juvenile is not prohibited by Federal law from possesing, owning, or learning the proper usage of firearms since any firearm that the parents or guardian desire the minor to have can be obtained by the parents or guardian.          The age restrictions in Federal law were intended to prevent juveniles from acquiring firearms without their parents' or guardian's knowledge.        State and local age restrictions may differ from those imposed by Federal law.           Where the licensee knows or has reasonable cause to believe that an underaged person is using a straw purchaser as his agent to purchase a firearm andthe underaged person is the actual person, the licensee should not make the sale or delivery.          Federal law was not intended to preclude a parent or guardian from purchasing a firearm and placing it in the possession of a minor child or ward.

emr

23362

DEC 5 1983

CC-32,985   FE:KAS

Mr. Sig Shore
Shore Galleries, Inc.
3318 W. Devon
Lincolnwood, IL 60659

Dear Mr. Shore:

This is in response to your recent letter to the Director inquiring about Federal statutes restricting minors from purchasing and possessing firearms. Specifically, you are concerned about a recent Chicago Tribune article which stated that any 18 year old could own a handgun. After contacting the National News Council about this item, you were informed that the information contained in the newspaper article was correct. You have written to the Bureau asking for clarification of the entire issue.

Under Title I of the Gun Control Act of 1968, 18 U.S.C. § 922(b)(1), it is stated:

"(b) It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver--

"(1) any firearm or ammunition to any individual who the licensee knows or has reasonable cause to believe is less than eighteen years of age, and, if the firearm, or ammunition is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the licensee knows or has reasonable cause to believe is less than twenty-one years of age."

As you can see from the above, Federal firearms licensees are prohibited from selling or delivering handguns to persons under the age of 21. However, a minor or juvenile is not prohibited by Federal law from possessing, owning, or learning the proper usage of firearms since any firearm that the parents or guardian desire the minor to have can

23362

- 2 -

Mr. Sig Shore

be obtained by the parents or guardian. The age restrictions in Federal law were intended to prevent juveniles from acquiring firearms without their parents' or guardian's knowledge.

It should be noted, however, that State and local age restrictions may differ from those imposed by Federal law. As provided by 18 U.S.C. § 927, the Gun Control Act was not intended to operate to the exclusion of State law on the same subject matter. Thus, if State or local law establishes a minimum age higher than the Federal age requirements for the purchase of a firearm, then licensees must observe the State or local age requirements. On the other hand, if State or local law establishes a minimum age requirement lower than that imposed by Federal law for the purchase of a firearm, licensees must observe the Federal age restrictions.

In addition, you inquire about the involvement of minors in so-called "strawman" purchases. As previously stated, section 922(b)(1) prohibits the sale or delivery of a firearm to an underaged person. Thus, where the licensee knows or has reasonable cause to believe that an underaged person is using a straw purchaser as his agent to purchase a firearm and the underaged person is the actual purchaser, the licensee should not make the sale or delivery. This is to be distinguished from a situation where the actual purchaser, a person of legal age, is acquiring the firearm for the purpose of loaning or giving it to an underaged person. Neither the sale nor the minor's subsequent receipt and possession of the firearm would violate Federal law, provided that the person is not otherwise disabled. As previously stated, Federal law was not intended to preclude a parent or guardian from purchasing a firearm and placing it in the possession of a minor child or ward. Your understanding is correct that under no circumstances should a licensee sell or deliver a firearm that the licensee has reason to believe would be received and possessed by a felon or other prohibited person. Under these circumstances, even if the sale was

23362

- 3 -

Mr. Sig Shore

made to a legal purchaser, the licensee would violate Federal law by aiding and abetting the prohibited person's violations of receiving and possessing a firearm.

Sincerely yours,

/S/

Daniel Hartnett
Assistant Director
(Criminal Enforcement)

CC:FE       CC:FE
Roscoe      Patterson    12/2/83
11/30/83    11-30-83                12/2/83