# JOHN H. BRYAN
## ATTORNEY AT LAW

REPLY TO: 411 MAIN STREET • PO BOX 366
UNION, WEST VIRGINIA 24983
304-772-4999 • 304-772-4998 FAX
JOHNBRYANLAW.COM
EMAIL:JHB@JOHNBRYANLAW.COM
TOLL-FREE 1-888-54-JBLAW

April 11, 2023

LEWISBURG OFFICE:
860 N. COURT STREET, SUITE 102
LEWISBURG, WEST VIRGINIA 24901

**VIA CM/ECF**

Cheryl D. Riley
Clerk of Court
United States District Court for the Northern District of West Virginia
500 West Pike Street
Room 301
Clarksburg, WV 26301

      **RE:** *Brown, et al. v. BATFE, et al.,* **No. 1:22-cv-00080-TSK**

Dear Ms. Riley,

In *Worth v. Harrington*, No. 21-cv-1348, 2023 WL 2745673 (D. Minn. March 31, 2023), the court declared unconstitutional a Minnesota law that barred 18-to-20-year-olds from lawfully carrying handguns in public for self-defense. While the underlying law differs from the one at issue in this matter, the decision faithfully applied the Supreme Court's decision in *Bruen,* and is instructive on the analysis that should apply to this case – as it involves 18-20-year-olds.

In applying the first part of the *Bruen* analysis, the *Worth* court correctly concluded that "the Second Amendment's plain text is better read to include adults 18 and older in its protections" on the same grounds that Plaintiffs have urged the Court to do so here. *Worth*, at *6–9; *see* Pls.' MSJ Br. 12–19, Doc. 29 (Jan. 3, 2023); Pls.' Resp. Br. 4-7, Doc. 36 (Feb. 7, 2023).

Turning to history, *Worth* concluded that Minnesota "failed to identify analogous regulations that show a historical tradition of depriving 18-20-year-olds the right to publicly carry a handgun for self-defense." *Worth*, at *9. In so doing, the court demonstrated the proper way to apply *Bruen*'s historical analysis in this case. While the right to publicly carry a handgun for self-defense is not at issue in the instant matter, the Government's failure to provide any analogous regulations and application of the *Bruen* test remains instructive.

*Worth* focused its analysis on the Founding period, explaining that *Bruen* gave "rather clear signs that the Supreme Court favors 1791 as the date for determining the historical snapshot of 'the people' whose understanding of the Second Amendment matters." *Worth*, at *10–12; *see also* Pls.' MSJ Br. at 9-12.

                                                                Sincerely,

                                                                /s/ John H. Bryan
                                                                Counsel for Plaintiffs

cc: All counsel of record