# JOHN H. BRYAN
ATTORNEY AT LAW

REPLY TO: 411 MAIN STREET • PO BOX 366
UNION, WEST VIRGINIA 24983
304-772-4999 • 304-772-4998 FAX
JOHNBRYANLAW.COM
EMAIL:JHB@JOHNBRYANLAW.COM
TOLL-FREE 1-888-54-JBLAW

May 16, 2023

LEWISBURG OFFICE:
860 N. COURT STREET, SUITE 102
LEWISBURG, WEST VIRGINIA 24901

**VIA CM/ECF**

Cheryl D. Riley
Clerk of Court
United States District Court for the Northern District of West Virginia
500 West Pike Street
Room 301
Clarksburg, WV 26301

      **RE:** *Brown, et al. v. BATFE*, et al., No. 1:22-cv-00080-TSK

Dear Ms. Riley,

      In *Fraser v. BATFE*, No. 3:22-cv-410, 2023 WL 3355339 (E.D. Va. May 10, 2023), the court declared the federal ban on 18-to-20-year-olds acquiring handguns from licensed federal firearms dealers (18 U.S.C. § 922(b)(1), (c) and derivative regulations) violated the Second Amendment. The decision is instructive on several issues in this case, as it is the exact nature of the case before the Court.

      In applying the first part of the *Bruen* analysis, the *Fraser* court relied on several cases Plaintiffs have cited here, including *Worth v. Harrington*, No. 21-CV-1348, 2023 WL 2745673 (D. Minn. Mar. 31, 2023) and *Hirschfeld v. BATFE*, 5 F.4th 407 (4th Cir. 2021), *vacated as moot*, 14 F.4th 322 (4th Cir. 2021), which it called "especially well-reasoned" and "especially instructive, respectively, to conclude that 18-to-20-year-olds fall squarely within "the people" referenced in the Second Amendment. *Fraser*, at \*\*10-14; *see see* Pls.' MSJ Br. 13, 18, Doc. 29 (Jan. 3, 2023); Pls.' Reply Br. 4-7, Doc. 36 (Feb. 7, 2023); Pls.' Ltr. of Supp. Auth., Doc. 38 (Apr. 11, 2023).

      Turning to history, the Court found prohibitions on the rights of 18-to-20-year-olds purchasing handguns unsupported by any historical tradition of regulation. The Court placed significant weight on "the age of militia enrollment" around the Founding, which "is relevant in helping determine the history and tradition of firearms regulations," explaining that if "an individual could, or was required to, serve in the militia [that] indicates that society believed he lawfully could, and should, keep and bear arms." Fraser, at \*\*15-19; *see* Pls.' MSJ Br. at 20-22; Pls.' Reply. Br. at 4-6. Because this evidence decisively demonstrated 18-year-olds at the Founding had Second Amendment rights, the Court distinguished later evidence—including some of the same 19th century statutes the Government relies on here—as contradictory to the uniform practice of the Founding, and correctly explained that such laws, to the extent they

deviate from earlier practices, are unable to tell us anything "about the Founders' understanding of the Second Amendment." *Fraser*, at *21; *see also id*. at *15 & n.21. The *Fraser* Court concluded that "[t]here is no direct evidence of age-based firearms restrictions," and "[t]he Government, the party which bears the burden, fails to point to any Founding-era laws to support the challenged law…' *Fraser* at * 61. (emphasis added).

        Sincerely,

        /s/ John H. Bryan_____
        Counsel for Plaintiffs

cc: All counsel of record