# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **STEVEN BROWN,** *et al.*, | : |
| Plaintiffs, | : Case No.: |
| | : 1:22-cv-00080-TSK |
| v. | : |
| **THE BUREAU OF ALCOHOL, TOBACCO,** **FIREARMS AND EXPLOSIVES,** *et al.*, | : |
| Defendants. | : |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR STAY OF INJUNCTION AND MOTION TO CLARIFY

John H. Bryan
(WV Bar No. 10259)
JOHN H. BRYAN,
ATTORNEY AT LAW
411 Main Street P.O. Box 366
Union, WV 24983
(304) 772-4999
Fax: (304) 772-4998
jhb@johnbryanlaw.com

Adam Kraut
KRAUT AND KRAUT
P.O. Box 101
Westtown, PA 19395
(610) 696-8200
Adam@Krautlaw.com
*Admitted Pro Hac Vice*

*Counsel for Plaintiffs*

# INTRODUCTION

This Court granted Plaintiffs' motion for summary judgment on December 1, 2023, finding that the federal prohibition on the transfer of handguns to 18-to-20-year-old adults by federal firearm licensees ("FFLs") facially violated the Second Amendment and enjoining the Defendants from enforcing 18 U.S.C. §§ 922(b)(1) and (c)(1). *See* Order and Opinion, Doc. 40. On December 4, 2023, Defendants moved to stay the injunction and clarify the scope of the injunction. *See* Doc. 42, Motion for Stay. The Court should deny the motion to stay and reject the clarified scope of the injunction Defendants proffered.

# ARGUMENT

## I. The Court Should Not Stay Its Order Pending Appeal.

Defendants seek an order from this Court staying its injunction pending appeal. *See* Doc. 42, Motion for Stay and Doc. 43, Proposed Order. The Court should deny that motion. In determining whether a stay is appropriate, courts weigh four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Defendants are wrong to claim any of these factors favor a stay, much less that all the factors weigh in their favor. As to the likelihood of success, the Court's order granting summary judgment in Plaintiffs' favor lays out in exacting detail

1

why Plaintiffs must win under last year's Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). The Government's argument hinges on an assertion that other courts have come to an opposite conclusion and that therefore it somehow must be entitled to a presumption of success on the merits. Defendants even return to the well of *Nat'l Rifle Ass'n v. Bondi*, 61 F.4th 1317, 1332 (11th Cir. 2023), *reh'g en banc granted, opinion vacated*, 72 F.4th 1346 (11th Cir. 2023), in which a panel found a state law restricting firearm transfers to 18-20-year-olds to be constitutional, but as this Court knows, was vacated for rehearing *en banc*. As Chief Judge Pryor of the 11th Circuit has explained "to vacate means '[t]o nullify or cancel; make void; [or] invalidate.' Vacate, BLACK'S LAW DICTIONARY (11th ed. 2019)." *United States v. Campbell*, 26 F.4th 860, 888 (11th Cir. 2022) (Pryor, J. concurring). To be sure, vacated opinions can be reviewed for their persuasiveness, but *Bondi* incorrectly applied *Bruen* to, among other things, determine that 1868, rather than 1791, should be the controlling date for originalist analysis of state laws restricting the right to keep and bear arms. More persuasive on this point is the Fourth Circuit's decision in *Hirschfeld v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 5 F.4th 407 (4th Cir. 2021), concluding that the "focus" of the historical inquiry is "the time of ratification in 1791," *id.* at 439. And while *Hirschfeld* was vacated on mootness grounds, *see Hirschfeld v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 14 F.4th 322 (4th Cir. 2021), its treatment of these issues is more compelling that *Bondi*'s.

Defendants' argument that the prerequisites for injunctive relief were not satisfied similarly falls short, as the test for an injunction pending appeal is almost identical to the test for a permanent injunction. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156-57 (2010) (Four factor test for permanent injunction requires plaintiff to demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."); *cf. Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (noting same four factors apply to consideration of injunction pending appeal).

To begin, the violation of an individual's constitutional rights is an irreparable injury and Plaintiffs have no remedy at law that could rectify the violation of their rights. The right to bear arms protected by the Second Amendment is "among those fundamental rights necessary to our system of ordered liberty," *McDonald v. City of Chicago*, 561 U.S. 742, 778 (2010), and it is to be treated the same way as other Bill of Rights guarantees, *Bruen*, 142 S. Ct. at 2156. In the First Amendment context, the Supreme Court has been very clear; the loss of a constitutional right "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). The Second Amendment is no different. *Ezell v. City of Chicago*, 651 F.3d 684, 699 (7th Cir.

3

2011) (noting that "[t]he Second Amendment protects similarly intangible and unquantifiable interests" to the First Amendment).

The third and fourth factors compare the harm to the moving party of imposing the injunction against the harm to the winning party of withholding the injunction. There will be no harm to Defendants by permitting the injunction to remain in effect. Defendants' argue that the government "necessarily suffers the irreparable harm of denying the public interest in enforcement of its laws," Motion for Stay at 3, and that it somehow has heightened force in this instance because the statute "has been the law of the land for more than half a century," *Id*. at 4, but as this Court concluded, the federal law preventing 18-to-20-year-olds from purchasing handguns from FFLs is unconstitutional.

"An unconstitutional act is not a law; it confers no rights; it imposes no duties . . . it is, in legal contemplation, as inoperative as though it had never been passed." *Norton v. Shelby Cnty., Tenn.*, 118 U.S. 425, 442 (1886); *see also Collins v. Yellen*, 141 S. Ct. 1761, 1789 (2021) ("[A]n unconstitutional provision is never really part of the body of governing law (because the Constitution automatically displaces any conflicting statutory provision from the moment of the provision's enactment.)"). There is no irreparable harm in enjoining an unconstitutional statute, particularly one that has been infringing on the rights of 18-to-20-year-olds for "more than half a century."

Defendants' argument that the restrictions at issue are a public safety measure that Congress determined was necessary to reduce crime are equally

4

unavailing. "The very enumeration of the right takes out of the hands of government--even the Third Branch of Government--the power to decide on a case-by-case basis whether the right is *really worth* insisting upon." *District of Columbia v. Heller*, 554 U.S. 570, 634 (2008) (emphasis original). In this case, it is particularly important to allow the injunction to take immediate effect, because Plaintiffs' challenge is based on their age. Their rights are being infringed every day the challenged law is in effect, and at least for them (as opposed to other, younger members of the organizational plaintiff), once they turn twenty-one there will be no way to remedy their harm. Indeed, that is precisely the event that caused *Hirschfeld*, which did not include an organizational plaintiff, to become moot before the plaintiff in that case could secure effective relief.

Next, the Defendants raise concerns that, if this Court's injunction is not stayed and the individual plaintiffs purchase their desired handguns from an FFL, "it would not be possible at that point to undo the effects of the injunction," Motion for Stay at 5, namely that it would be difficult or impossible to claw-back the purchased firearms. This concern is unfounded as the Government itself continues to offer an alternative for the named plaintiffs to acquire the desired handguns – have their parents purchase them. Even if this Court were to entertain Defendants' assertion that if the individual plaintiffs were seeking to acquire handguns over their parents' objections, they fall fell within a category of individuals Congress believes posed a threat to public safety, West Virginia law does not require a private party transfer to commence through an FFL, nor is there any law preventing the

5

sale of a handgun to an individual over the age of 18 in a private sale. *See* W. Va. Code § 61-7-1, *et seq*. *See also* W. Va. Code § 61-7-10 (defining penalties for sales to prohibited persons, to include those under Article 7 and 18 U.S.C. § 922) and W. Va. Code § 61-7-8 (defining prohibitions on persons under 18-years-old from possessing deadly weapons generally). And, as Defendants acknowledge, federal law does not prohibit 18-to-20-year-olds from possessing handguns. The only logical result stemming from staying the injunction, as it pertains to this particular aspect, is that the individual plaintiffs would be unable to purchase a new handgun from a regulated dealer. What is more, the alternatives available to 18-to-20-year-olds belie the Government's public-interest arguments. While those alternatives are not adequate alternatives to the right to access the commercial market for handguns, they demonstrate that the practical effect of the federal ban is to drive 18-to-20-year-olds out of the regulated marketplace into the unregulated secondary market.

And of course, "upholding constitutional rights is in the public interest." *Legend Night Club v. Miller*, 637 F.3d 291 (4th Cir. 2011) citing *Giovani Carandola, Ltd. v. Bason*, 303 F.3d 507 (4th Cir. 2002). *See also Newsom v. Albemarle County Sch. Bd.*, 354 F.3d 249, 261 (4th Cir. 2003) ("Surely, upholding constitutional rights serves the public interest.").

With respect to the scope of the injunction, it is well-established that it is proper to ensure an injunction will "provide complete relief to the plaintiffs." *PBM Products, LLC v. Mead Johnson & Co.*, 639 F.3d 111, 128 (4th Cir. 2011). Here, to provide complete relief to the plaintiffs the injunction must ensure that both the

individual plaintiffs and all other 18-to-20-year-old members of Plaintiff West Virginia Citizens Defense League (both now and on an ongoing basis) may acquire handguns from FFLs notwithstanding the federal law to the contrary. Plaintiffs have not argued that the injunction should extend broader than that, as the prayer for relief in the complaint demonstrates. *See* Complaint Prayer for Relief ("Permanently enjoin the Defendants, their officers, agents, servants, employees, all persons in active concert or participation with them, and all who have notice of the injunction, from enforcing 18 U.S.C. §§ 922(b)(l) and (c)(1), their derivative regulations, and all related laws, policies, enforcement practices, and customs underlying the Handgun Ban, against Individual Plaintiffs and all similarly situated Institutional Plaintiffs' members.").

With respect to whom Defendants are barred from enforcing the challenged laws against, Plaintiffs believe that Defendants' reading of the injunctive relief is correct, inasmuch as the intent of it is to bar Defendants from enforcing 18 U.S.C. §§ 922(b)(1) and (c)(1) against FFLs. As such, Plaintiffs respectfully request further clarification from the Court that the injunction prevents Defendants, their officers, agents, servants, employees, all persons in active concert or participation with them, and all who have notice of the injunction, from enforcing 18 U.S.C. §§ 922(b)(l) and (c)(1) and their derivative regulations, against FFLs. Plaintiffs do not believe that clarification from this Court that the injunction does not apply to sales of handguns to prohibited persons is necessary, as the provisions of 18 U.S.C. 922(g)

were not challenged in this matter, nor does the relief obtained disturb that law or its derivative regulations.

Dated: December 5, 2023                    Respectfully submitted,

/s/ John H. Bryan
John H. Bryan
(WV Bar No. 10259)
JOHN H. BRYAN,
ATTORNEY AT LAW
411 Main Street
P.O. Box 366
Union, WV 24983
(304) 772-4999
Fax: (304) 772-4998
jhb@johnbryanlaw.com

/s/ Adam Kraut
Adam Kraut
KRAUT AND KRAUT
P.O. Box 101
Westtown, PA 19395
(610) 696-8200
Adam@Krautlaw.com
*Admitted Pro Hac Vice*

*Counsel for Plaintiffs*

8