IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

| | |
|---|---|
| STEVEN BROWN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 1:22-cv-00080 |
| | ) |
| THE BUREAU OF ALCOHOL, TOBACCO, | ) |
| FIREARMS, AND EXPLOSIVES, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR A STAY OF INJUNCTION PENDING APPEAL AND MOTION TO CLARIFY

The Court should grant the motion for a stay of the injunction pending appeal and motion for clarification. Plaintiffs' response offers no persuasive reason to deny the motion.

First, although this Court relied heavily on the *Fraser* decision in granting Plaintiffs' motion for summary judgment, in their opposition to Defendants' motion for clarification and stay, Plaintiffs do not cite or engage with the rationale of the *Fraser* decision granting a stay. *See Fraser v. ATF*, No. 3:22-cv-410, 2023 WL 5617894 (E.D. Va. Aug. 30, 2023); *see also* Mem. Opinion and Order (Dec. 1, 2023), ECF No. 40 (citing *Fraser* throughout); Pls.' Opp'n, ECF No. 43 (not mentioning *Fraser*). The court in *Fraser* granted an injunction to plaintiffs in that case on the same claims at issue here challenging the same federal laws, but stayed that injunction pending appeal. *See id.* at *10–11. The *Fraser* court held that the merits present "substantial" and "novel" questions, which "clearly counsels that the exercise of equitable authority calls for the granting of a stay of the injunction pending appeal." *Id.* *3–4. Plaintiffs do not address the *Fraser* court's

1

rationale or explain why a different outcome is warranted here. This Court should follow the approach taken by the *Fraser* court.

Second, Plaintiffs apply the wrong standard on the first stay factor, asserting that Defendants are unlikely to succeed on the merits because this Court granted Plaintiffs' summary judgment motion. The standard for granting a stay pending appeal "does not require the trial court to change its mind or conclude that its determination on the merits was erroneous." *Id.* at *3 (quoting *United States v. Fourteen Various Firearms*, 897 F. Supp. 271, 273 (E.D. Va. 1995)). Rather, it requires only that "the issues presented on appeal could be rationally resolved in favor of the party seeking the stay." *Id.* (quoting *Fourteen Various Firearms*, 897 F. Supp. at 273). Because "'reasonable minds' could disagree on the correct outcome of the case," *id.* (alteration omitted) (quoting *Worth v. Jacobson*, No. 21-cv-1348, 2023 WL 3052730, at *2 (D. Minn. Apr. 24, 2023), as numerous courts have found, a stay is appropriate.

Third, Plaintiffs do not dispute that this Court did not address the prerequisites for injunctive relief. Binding precedent requires that a court must analyze these factors and find that Plaintiffs have satisfied their burden prior to entry of an injunction. *See Wudi Indus. Co. v. Wong*, 70 F.4th 138, 192–93 (4th Cir. 2023). The absence of such analysis in the summary judgment order is grounds for a stay of the injunction.

Fourth, Plaintiffs do not dispute that the Court issued nationwide relief despite the fact that Plaintiffs have not asked for such relief. *See* Pls.' Opp'n at 7. But Plaintiffs do not defend the nationwide scope of the injunction or explain why it is appropriate in this case. A stay is especially appropriate given the broad scope of the injunction, beyond what Plaintiffs asked for or defended.

Finally, Plaintiffs do not address Defendants' request for an immediate administrative stay of the injunction while this Court and the Fourth Circuit consider motions for a stay pending

appeal. Defendants respectfully reiterate their request for an immediate administrative stay of the injunction.

Dated:  December 6, 2023

        Respectfully submitted,

        WILLIAM IHLENFELD
        UNITED STATES ATTORNEY

By:    /s/ *Maximillian F. Nogay*
        Maximillian F. Nogay
        W. Va. Bar # 13445
        United States Attorney's Office
        P.O. Box. 591
        1125 Chapline Street, Suite 3000
        Wheeling, WV 26003
        (304) 234-0100 (office)
        (304) 234-0110 (facsimile)
        Max.Nogay@usdoj.gov


        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        LESLEY FARBY
        Assistant Branch Director

        MICHAEL P. CLENDENEN
        (D.C. Bar No. 1660091)
        Trial Attorney
        DANIEL RIESS
        Senior Counsel
        U.S. Department of Justice
        Civil Division, Federal Programs Branch
        1100 L Street, NW
        Washington, D.C. 20005
        Tel: (202) 305-0693
        Fax: (202) 616-8460
        michael.p.clendenen@usdoj.gov

        *Attorneys for Defendants*