```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**STEVEN ROBERT BROWN,**
**BENJAMIN WEEKLEY,**
**SECOND AMENDMENT FOUNDATION, and**
**WEST VIRGINIA CITIZENS DEFENSE**
**LEAGUE,**

      **Plaintiffs,**

  **v.**                                **CIVIL ACTION NO. 1:22-CV-80**
                                                   (Chief Judge Kleeh)

**BUREAU OF ALCOHOL, TOBACCO,**
**FIREARMS AND EXPLOSIVES,**
**MERRICK GARLAND, U.S. Attorney General,**
**in his official capacity, and**
**STEVEN DETTELBACH, Director**
**of the ATF, in his official capacity,**

      **Defendants.**

### ORDER ENTERING STAY PENDING APPEAL AND CLARIFYING SCOPE OF INJUNCTION [ECF NO. 42]

Pending before the Court is *Defendants' Motion for a Stay Pending Appeal and Motion to Clarify* [ECF No. 42], which was filed on December 4, 2023. Plaintiffs subsequently responded on December 5, 2023, by filing *Plaintiffs' Opposition to Defendants' Motion for Stay of Injunction and Motion to Clarify* [ECF No. 43]. Defendants filed a reply in support of their motion on December 6, 2023 [ECF No. 44]. For the following reasons, Defendants' Motion is **GRANTED**. The Court further **AMENDS** its memorandum opinion and order to clarify the scope of the subject injunction [ECF No. 40].

**ORDER ENTERING STAY PENDING APPEAL AND CLARIFYING SCOPE OF INJUNCTION [ECF NO. 42]**

I.  DISCUSSION

**A. Plaintiff's Motion to Stay Pending Appeal is Granted.**

The relevant factors favor staying this Court's judgment pending appeal. Fed. R. Civ. P. 62(c) allows courts to stay injunctions pending appeals. As the Supreme Court of the United States explained, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).

"'A stay is not a matter of right, even if irreparable injury might otherwise result.' . . . It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" Redman v. Javitch Block, LLC, No. 3:21-CV-37, 2021 WL 7448734, at *1 (N.D.W. Va. Nov. 2, 2021) (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672-73(1926)). The Court weighs four factors when determining if a stay is appropriate: (1) whether the party against whom the injunction was granted made a strong showing of a likelihood of success on the merits; (2) whether the party against whom the injunction was granted will be irreparably injured absent a stay; (3) whether a stay will substantially injure the other parties' interests; and (4) where the public interest lies.

**ORDER ENTERING STAY PENDING APPEAL AND CLARIFYING SCOPE OF INJUNCTION [ECF NO. 42]**

Hilton v. Braunskill, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). "The court's assessment must focus on the circumstances of each case and 'cannot be reduced to a set of rigid rules.'" Worth v. Jacobson, No. 21-CV-1348, 2023 WL 3052730, at *1–2 (D. Minn. Apr. 24, 2023) (quoting Hilton, 481 U.S. at 777).

**1. Likely to Succeed on the Merits**

Regarding the first factor, Defendants argue they have a strong likelihood of success on the merits on appeal, noting that other courts have reached opposite conclusions in similar cases. ECF No. 42. Plaintiffs disagree and assert that their success on appeal is a foregone conclusion following the Supreme Court's decision in New York State Rifle & Pistol Association, Inc. v. Bruen, 142 S.Ct. 2111 (2022). ECF No. 43.

The first factor "does not require the trial court to change its mind or conclude that its determination on the merits was erroneous." Fraser v. Alcohol, No. 3:22-CV-410, 2023 WL 5617894, at *3 (E.D. Va. Aug. 30, 2023) (quoting United States v. Fourteen Various Firearms, 897 F.Supp. 271, 273 (E.D.Va. 1995)). Rather, the question is "whether '[r]easonable minds' could disagree on the correct outcome of the case. Id. (citing Worth, 2023 WL 3052730 at *2). "Many courts also take into account that the case raises substantial difficult or novel legal issues meriting a stay." 11

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2904 (3d ed.) (April 2023).

While the Court stands behind its reasoning and determination in its Memorandum Opinion and Order [ECF No. 40], the Court finds that the first factor weighs in favor of staying the injunction. Several federal district courts have evaluated the constitutionality of 922(b)(1)'s age ban with differing results.[1] This lawsuit poses the substantial and novel question "of the proper definition of 'the people' in the Second Amendment and whether 18-to-21-year-olds fall within in it. In well-reasoned and thoughtful opinions, district courts have landed on both sides of that debate." Fraser, 2023 WL 5617894 at *3. Because Courts are split in their assessment of this question, reasonable minds can and have varied. Accordingly, the first factor weighs in favor of staying the injunction pending appeal to the United States Court of Appeals for the Fourth Circuit.

**2. Irreparable Harm to Defendants**

As to the second factor, Defendants argue four ways in which they will be irreparably injured but for entry of the stay: (1) the injunction prevents the government from enforcing its laws;

---

[1] See e.g., McCoy v. ATF, No. 23-2085 (4th Cir.); Reese v. ATF, No. 23-30033 (5th Cir.); Fraser v. Bureau of Alcohol, Tobacco, Firearms & Explosives, No. 3:22-CV-410, 2023 WL 5617899 (E.D. Va. Aug. 30, 2023); Worth v. Harrington, No. 21-cv-1348, slip op. (D. Minn. Apr. 24, 2023); Firearms Policy Coalition v. McCraw, 623 F. Supp. 3d 740, 757 (N.D. Tex. 2022).

**ORDER ENTERING STAY PENDING APPEAL AND CLARIFYING SCOPE OF INJUNCTION [ECF NO. 42]**

(2) Defendants will suffer harm to public safety; (3) any handgun sales to individuals between 18 and 21 years old cannot be undone if the statute is later found constitutional on appeal; and (4) the Government will be placed in a difficult position changing its federal firearm licensees ("FLL") guidance multiple times. ECF No. 42. Plaintiffs counter that Defendants will not be injured if the injunction remains in effect because §§ 922(b)(1) and (c)(1) are unconstitutional. ECF No. 43.

"An unconstitutional act is not a law; it confers no rights; it imposes no duties . . . it is, in legal contemplation, as inoperative as though it had never been passed." Norton v. Shelby Cnty., Tenn., 118 U.S. 425, 442 (1886). Furthermore, "the Fourth Circuit has found that the Government 'is in no way harmed by issuance of an injunction that prevents the state from enforcing unconstitutional restrictions.'" Fraser v. Bureau of Alcohol, Tobacco, Firearms & Explosives, No. 3:22-CV-410, 2023 WL 5617899 (E.D. Va. Aug. 30, 2023), at *6 (quoting Legend Night Club v. Miller, 637 F.3d 291, 302-03 (4th Cir. 2011)). Defendants cannot show irreparable harm by losing the right to enforce an unconstitutional law. The Court further is not persuaded by Defendants' public safety argument as federal law does not prohibit 18-to-20-year-olds from *possessing* handguns or from engaging in private sales of handguns. Thus, removing the unconstitutional

barrier of purchasing handguns by law-abiding 18-to-20-year-olds does not greatly impact the public safety.

The Court is persuaded however that requiring the Government to change its guidance to the FLL multiple times could irreparably harm Defendants and hinder their ability to engage in law enforcement.

> The Government furthermore would be placed in a difficult position of changing and then re-changing its guidance to FFLs and its processes, procedures, and forms, causing significant confusion for law enforcement officers, retailers, and citizens. This confusion could hamper the Government's ability to effectively engage in law enforcement, thus jeopardizing public safety interests.

Fraser, 2023 WL 5617894 at *4. Thus, this factor supports granting the stay.

### 3. Substantial Harm to Plaintiffs and the Public Interest

Third and fourth, Defendants argue that Plaintiffs are not substantially harmed by staying the injunction because they would still be able to purchase handguns when they turned 21 years old, or the appeal concluded. ECF No. 42. The Government contends that a law-abiding 18-to-20-year-old who wishes to purchase a handgun without their parents' permission "fall[s] within the category of individuals Congress identified as posing a threat to public safety." Id. Plaintiffs argue that the injunction cannot be stayed

because the violation of their constitutional right to bear arms is an irreparable injury. ECF No. 43. Furthermore, the alternatives to purchasing new handguns available to Plaintiffs—highlighted by Defendants—weakens any argument as to a public safety threat. Id.

Plaintiffs will clearly be substantially injured if the injunction is stayed because "upholding constitutional rights is in the public interest." Legend Night Club, 637 F.3d 291 (citing Giovani Carandola, Ltd. v. Bason, 303 F.3d 507 (4th Cir. 2002)). "Plaintiffs certainly have a strong interest in exercising their constitutional rights and the stay will delay the date on which they may do so." Fraser, 2023 WL 5617894, at *4.

While these factors weigh in favor of the injunction, they do not outweigh the other factors supporting the stay. "Plaintiffs have an interest in exercising their constitutional rights. As this Court has interpreted this rapidly developing and uncertain area of the law, entering the stay . . . will affect the Plaintiffs' ability to exercise their rights under the Second Amendment. But this factor does not outweigh all the others." Worth, 2023 WL 3052730, at *4. "Though Plaintiffs' interest in the vindication of their Constitutional rights suffers while the judgment is stayed, the stay is necessary to militate the possible negative effects of relying on the injunction while it is subject to appellate review and possible reversal." Firearms Pol'y Coal., Inc. v. McCraw, 623

F. Supp. 3d 740, 757 (N.D. Tex. 2022), appeal dismissed sub nom. Andrews v. McCraw, No. 22-10898, 2022 WL 19730492 (5th Cir. Dec. 21, 2022).

For these reasons and in balancing the above factors, a stay of the Court's Memorandum Order and Opinion [ECF No. 40] pending appeal is appropriate. Thus, *Defendants' Motion for a Stay of Injunction Pending Appeal and Motion to Clarify* **is GRANTED**, as to Defendants' request to stay the injunction.

**B. The Court Clarifies the Scope of the Injunction as Follows.**

Even though the Court is staying the injunction, Defendants and Plaintiffs both request the Court clarify the scope of the injunction imposed in the Memorandum Opinion and Order [ECF No. 40]—albeit with varying recommended interpretations. ECF Nos. 42,43. To be clear, the Court's Memorandum Opinion and Order prohibited enforcement of 18 U.S.C. §§ 922(b)(1) and (c)(1) against "Plaintiffs and otherwise-qualified 18-to-20-year-olds"—i.e., members of the institutional Plaintiff between eighteen and twenty years old. ECF No. 40. If/when the stay is lifted, the subject injunction is **not** a nationwide injunction. Nor does the Court contend that it would have such authority to impose such a universal injunction.

"'[I]njunctive relief should be no more burdensome to the defendant than necessary to provide complete relief *to the*

**ORDER ENTERING STAY PENDING APPEAL AND CLARIFYING SCOPE OF INJUNCTION [ECF NO. 42]**

*plaintiffs*' in the case." Trump v. Int'l Refugee Assistance Project, 582 U.S. 571, 585, 137 S. Ct. 2080, 2090, 198 L. Ed. 2d 643 (2017) (GORSUCH, J. concurring) (emphasis in original) (internal quotation omitted). "Nationwide injunctions are plainly inconsistent with this conception of the judicial role and the proper scope of the federal courts' remedial power. A nationwide injunction, by its nature, extends relief far beyond the parties to an individual case." CASA de Maryland, Inc. v. Trump, 971 F.3d 220, 257 (4th Cir. 2020), vacated for reh'g en banc, 981 F.3d 311 (4th Cir. 2020) (dismissed Mar. 11, 2021). As such, "all injunctions—even ones involving national policies—must be 'narrowly tailored to remedy the specific harm shown'." E. Bay Sanctuary Covenant v. Barr, 934 F.3d 1026, 1029 (9th Cir. 2019) (internal quotations omitted).

"The Supreme Court has repeatedly emphasized that nationwide injunctions have detrimental consequences to the development of law and deprive appellate courts of a wider range of perspectives." California v. Azar, 911 F.3d 558, 582-83 (9th Cir. 2018).

> By design, the federal court system allows courts to reach multiple answers to the same legal question, but nationwide injunctions frustrate that end. There are 94 federal district courts around the country and 12 regional circuit courts of appeals. The decision of any one of those courts typically has little effect on the other courts of its type: one circuit's decisions are not binding

> on the others, and a district court's decisions do not bind other district courts, other judges on the same court, or even the same judge in another case.

Georgia v. President of the United States, 46 F.4th 1283, 1304 (11th Cir. 2022). Accordingly, it is "preferable to allow several courts to pass on a given [issue] in order to gain the benefit of adjudication by different courts in different factual contexts." Califano v. Yamasaki, 442 U.S. 682, 702, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). See New York v. United States Department of Homeland Security, 969 F.3d 42, 88 (2nd Cir. 2020) ("It is not clear to us that, where contrary views could be or have been taken by courts of parallel or superior authority, entitled to determine the law within their own geographical jurisdictions, the court that imposes the most sweeping injunction should control the nationwide legal landscape.").

With this in mind, the Court's Opinion and Order does not strip away the authority of other courts to consider the constitutionality of enforcing 18 U.S.C. §§ 922(b)(1) and (c)(1). This issue has been raised in other courts,[2] and the continued reasoning and evaluation of different factual contexts will

---

[2] See e.g., McCoy v. ATF, No. 23-2085 (4th Cir.); Reese v. ATF, No. 23-30033 (5th Cir.); Fraser v. Bureau of Alcohol, Tobacco, Firearms & Explosives, No. 3:22-CV-410, 2023 WL 5617899 (E.D. Va. Aug. 30, 2023); Worth v. Harrington, No. 21-cv-1348, slip op. (D. Minn. Apr. 24, 2023); Firearms Policy Coalition v. McCraw, 623 F. Supp. 3d 740, 757 (N.D. Tex. 2022).

ultimately aid in future appellate court decisions. The injunction here, though stayed, only protects the constitutional rights of the named individual Plaintiffs and institutional Plaintiff West Virginia Citizens Defense League and its members.

The Court declines to adopt Defendants' proposed clarified scope. ECF No. 42-1. The Court need not clarify that the injunction does not apply to sale of handguns to persons prohibited from possessing a firearm under 18 U.S.C. § 922(g) or any other provision of federal law because only §§ 922(b)(1) and (c)(1) are challenged in this suit. Thus, the Court's Memorandum Order and Opinion only addresses the unconstitutionality of preventing the sale of handguns to "Plaintiffs and otherwise-qualified 18-to-20-year-olds." The term "otherwise-qualified" already provides the necessary scope Defendants request.

To provide clarity, if the stay is lifting following appeal, Defendants, their officers, agents, servants, employees, all persons in active concert or participation with them, and all who have notice of the injunction, would be enjoined from enforcing 18 U.S.C. §§ 922(b)(1) and (c)(1) and their derivative regulations, against federal firearms licensees. Again, the injunction would only apply as to the named individual Plaintiffs and institutional Plaintiff West Virginia Citizens Defense League and its members.

## II. CONCLUSION

For the foregoing reasons, *Defendants' Motion for a Stay of Injunction Pending Appeal and Motion to Clarify* [ECF No. 42] is **GRANTED**, and the injunction is **STAYED** pending appeal.

It is further **ORDERED** that the Court's judgment, ECF Nos. 40-41, is **amended** to clarify that, Defendants, their officers, agents, servants, employees, all persons in active concert or participation with them, and all who have notice of the injunction, are **ENJOINED** from enforcing 18 U.S.C. §§ 922(b)(1) and (c)(1) and their derivative regulations, against federal firearms licensees. The Court's judgment is further **amended** to clarify that the injunction applies as to the named individual Plaintiffs and institutional Plaintiff West Virginia Citizens Defense League and its members. The judgement does not apply to the named plaintiffs in McCoy v. ATF, No. 23-2085 (4th Cir.), and Reese v. ATF, No. 23-30033 (5th Cir.). Defendants' request for an immediate administrative stay is **DENIED AS MOOT** [ECF No. 42].

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

**ORDER ENTERING STAY PENDING APPEAL AND CLARIFYING SCOPE OF INJUNCTION [ECF NO. 42]**

**DATED:** December 7, 2023

_/s/ Thomas S. Kleeh_
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA